UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| Kaci Taylor Johnson, | ) | CASE NO. 5:24 CV 1703 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jennifer Dowdell Armstrong (Doc. 11) recommending that the decision of the Commissioner be affirmed. Plaintiff filed an objection. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

## FACTS

Only those facts necessary for a resolution of plaintiff's objections are set forth herein. Plaintiff Kaci Taylor Johnson ("Johnson") filed prior applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on January 24, 2020, alleging disability beginning on May 1, 2017. Defendant Commissioner of Social Security ("Commissioner")

denied those applications initially and on reconsideration, and a prior Administrative Law Judge ("ALJ") affirmed the denial on November 27, 2020.

On March 17, 2022, and April 21, 2022, Johnson filed her present applications for DIB and SSI, respectively. The Commissioner denied Johnson's applicationa initially and on reconsideration. Johnson then requested a hearing before an ALJ. In July 2023, the ALJ held an administrative hearing where Johnson (represented by counsel) and a vocational expert ("VE") testified. In September 2023, the ALJ issued a written decision finding Johnson not disabled.

The Appeals Council denied Johnson's request for review on August 7, 2024, making the ALJ's September 2023 decision the final decision of the Commissioner. Johnson timely instituted this action on October 2, 2024, seeking review of the Commissioner's final decision. After review, the Magistrate Judge issued an R&R recommending that this Court affirm the Commissioner's final decision. Johnson has now filed an objection to that recommendation.

**STANDARD OF REVIEW**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

### **ANALYSIS**

In her sole objection to the R&R, Johnson contends that the Magistrate Judge's finding that the ALJ properly evaluated and considered the evidence related to Johnson's headaches is not supported by substantial evidence.[1] It is not clear whether Johnson objects to the Magistrate Judge's

---

[1] Johnson also alleged in her brief before the Magistrate Judge that (1) the ALJ applied the wrong standard of review when he adopted the psychological limitations as set forth by the prior ALJ and

3

finding that (1) any step three error by the ALJ is harmless because Johnson has not met her burden of showing a substantial question that her headaches medically equal Listing 11.02 and/or (2) the ALJ's analysis of Johnson's non-severe impairments, including headaches, complied with Social Security Rule 96-8p. Either way, Johnson's objection is not well taken.

### A. Whether the ALJ Erred by Failing To Consider Whether Johnson's Headaches Are Equivalent to Listing 11.02B

In her objection, Johnson cites evidence from the record to reiterate her belief that her migraine headaches satisfy the criteria of Social Security Rule ("SSR") 19-4p and are equivalent to Listing 11.02B. As the Magistrate Judge pointed out, however, Johnson's counsel did not argue before the ALJ that Johnson's headaches met or equaled Listing 11.02B. "Where the claimant does not mention the particular Listing at the hearing before the ALJ, the Sixth Circuit has found that the ALJ is not obligated to discuss that particular Listing." (Doc. 11, at 27–28 (quoting *McGeever v. Comm'r of Soc. Sec.*, 2019 WL 1428208, at *7 (N.D. Ohio Mar. 29, 2019) (citing *Wilson v. Comm'r of Soc. Sec.*, 2015 WL 4385281, at *4 (6th Cir. July 16, 2015) (per curiam))).) Johnson does not dispute that her counsel failed to argue a disability claim under Listing 11.02B before the ALJ.

Even so, the Magistrate Judge went on to explain that Johnson failed to meet her burden to point to specific evidence that demonstrates she reasonably could meet or equal every requirement of

---

(2) The ALJ failed to support and/or address the consistency of the treating sources. Johnson did not raise any specific objection to the R&R's recommendations concerning these assignments of error. Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). "'Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

Listing 11.02B. Specifically, the Magistrate Judge noted that Johnson failed to identify any evidence from an "acceptable medical source regarding associated phenomena of her headaches, their frequency, or the limitations in functioning that they impose." (Doc. 11, at 29.) The Magistrate Judge also pointed out that, at the administrative hearing, Johnson "agreed with the ALJ that her non-migraine headaches were typically 'more of a nuisance and pain'" and "testified that, while her migraines were debilitating, she had not experienced a migraine in roughly two months, and that her headache condition had improved." (*Id.* (citation omitted).) In her objection, Johnson does not dispute the Magistrate Judge's summary of the record.

For both of the reasons cited by the Magistrate Judge in the R&R, this Court agrees that any step three error by the ALJ is harmless. Accordingly, to the extent Johnson objects to this finding, it is OVERRULED.

### B. Whether the ALJ's Analysis of Johnson's Non-Severe Impairments, Including Headaches, Complied with SSR 96-8p

Johnson contends that the Magistrate Judge erroneously interpreted *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844 (6th Cir. 2020), in concluding that the ALJ satisfied SSR 96-8p despite not "'discuss[ing] any specific treatment records regarding' the headaches" nor "discuss[ing] [Johnson's] hearing testimony regarding her headaches" at the step four formulation of the RFC. (Doc. 12, at 2.)

In *Emard*, as the Magistrate Judge summarized, the Sixth Circuit noted that "[d]istrict courts in this circuit have held that an ALJ need not specifically discuss all nonsevere impairments in the residual-functional-capacity assessment when the ALJ makes clear that her decision is controlled by SSR 96-8p." 953 F.3d at 851–52. In turn, courts in the Sixth Circuit have interpreted *Emard* as "requiring an ALJ to do more than merely state that SSR 96-8p controls her analysis" "when [the] ALJ does not expressly discuss a claimant's non-severe impairments in step-four of her evaluation

5

(the RFC determination)." *King v. O'Malley*, 2024 WL 3696479, at *7 (M.D. Tenn. Aug. 6, 2024). Specifically, the ALJ "must also expressly discuss how the claimant's non-severe impairments functionally limit the claimant (if at all) in step two of the analysis" *Id.* (citing *Harrington v. Saul*, 2021 WL 3174273, at *10 (N.D. Ohio July 9, 2021) (collecting cases)). Further, "ALJs must also include a 'subsequent assurance that [the ALJ] had considered the entire record and all symptoms.'" *Id.* (quoting *Farell v. O'Malley*, 2024 WL 1259255, at *8 (E.D. Ky. Mar. 25, 2024) (citations omitted)).

In contending that the ALJ only referenced SSR 96-8p without any discussion of the functional limitations imposed by Johnson's non-severe limitations—specifically headaches—Johnson seemingly ignores the actual substance of the ALJ's opinion. As the Magistrate Judge recounted in the R&R:

> At Step Two, the ALJ found that Ms. Johnson had several non-severe impairments, including headaches. However, the ALJ also found that "[a] combination of factors, including spontaneous resolution of the condition, or resolution by a course of medications, duration of less than the requisite twelve months, failure of objective testing to sustain a diagnosis, scarcity of treatment or a sporadic history of treatment, indicate that the existence of these conditions will not cause more than minimal limitations on the claimant's ability to engage in basic work activity and are therefore non-severe." The ALJ then stated that he "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity."

(Doc. 11, at 31 (citations omitted).) The Magistrate Judge correctly concluded that this analysis complied with SSR 96-8p and *Emard*.

To be sure, the ALJ's analysis here, while brief, is distinguishable from the analysis in *King v. O'Malley*, 2024 WL 3696479 (M.D. Tenn. Aug. 6, 2024), which Johnson relies upon in her objection. In *King*, the plaintiff argued that the ALJ failed to consider several non-severe impairments in the RFC finding, including nausea, vomiting, and use of a nebulizer. *Id.* at *5–6. The district court

6

remanded the case to the Commissioner because the ALJ failed to "consider or even mention [p]laintiff's nausea, vomiting and use of a nebulizer at step two of her evaluation." Here, as recounted above, the ALJ clearly mentioned Johnson's headaches at step two, finding it was a non-severe impairment, and then explicitly noted that she considered Johnson's non-severe impairments when assessing the RFC.

For these reasons, the Court agrees with the Magistrate Judge's finding that the ALJ's analysis and consideration of Johnson's non-severe impairments complied with the applicable legal standards. Accordingly, Johnson's objection to this finding is OVERRULED.

**CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge